IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NANCY PLUNK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-1058 |
| ) | |
| SHELTER MUTUAL INSURANCE ) | JURY DEMAND |
| COMPANY, JOHN PRICE, VCE, INC., ) | |
| and JASON PIRTLE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

Comes now the Defendant, Shelter Mutual Insurance Company ("Shelter"), by and through counsel, pursuant to 28 U.S.C. § 1441 and, 28 U.S.C. § 1332 and hereby gives notice of removal from the Circuit Court of Madison County, Tennessee, to the United States District Court for the Western District of Tennessee, Eastern Division at Jackson, alleging as follows:

1. On March 7, 2023, the Plaintiff, Nancy Plunk, filed suit against Shelter in the Circuit Court for Madison County, Tennessee, where said action is now pending under Case No. CT-23-54.

2. On March 14, 2023, Shelter was served with a summons and a copy of the complaint through the Tennessee Department of Commerce and Insurance. A copy of the summons and complaint is attached as Exhibit 1.

3. No further proceedings have been had at the Circuit Court of Madison County, Tennessee.

4.     Defendant John Price is an insurance adjuster for Shelter, and all the claims raised against him in the Complaint stem from his action during the course and scope of his employment as an insurance adjuster for Shelter. This Court in <u>Sainaam Inc. v. Am. Nat'l Prop. & Cas. Co.</u>, confirmed that "it is well-settled in Tennessee that an insurance agent is not personally liable on an insurance contract formed while the agent was acting within the scope of the agency relationship, and, as here, the contracting parties understood that the agent was acting on behalf of a principal insurance company." No. 08-1149, 2008 U.S. Dist. LEXIS 70071, at 10-12 (W.D. Tenn., 2008) (citing <u>Holt v. American Progressive Life Ins. Co.</u>, 731 S.W.2d at 925 (Tenn. Ct. App. 1987)). A party is fraudulently joined when "no colorable cause of action" exists against it. <u>Faith Deliverance Ctr. v. S. Mut. Church Ins. Co.</u>, No. 14-1183, 2014 U.S. Dist. LEXIS 187546, at 5 (W.D. Tenn., 2014). Though he is a citizen of Tennessee, Plaintiffs have fraudulently joined Defendant Price in attempts to circumnavigate jurisdiction of this Court.

5.     Defendant, VCE, Inc. is a forensic engineering company in Tennessee that Plaintiff alleges made, through their engineer and co-defendant, Jason Pirtle, statements in a report that are misrepresentations in violation of Tenn. Code Ann. § 56-53-103. Tenn. Code Ann. § 56-53-103 states, in relevant part:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person

has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

(A) The application for, rating of, or renewal of, any insurance policy;
(B) A claim for payment or benefit pursuant to any insurance policy;
(C) Payments made in accordance with the terms of any insurance policy; or
(D) The application for the financing of any insurance premium;

A plain reading of this statute makes clear that the intent of this statute is to protect insurance carriers against insurance fraud. Specifically, "[t]he legislature finds that insurance fraud is pervasive and expensive, costing consumers and the business community of this state millions of dollars each year. Each family spends in excess of several hundreds of dollars each year in direct and indirect costs attributable to insurance fraud. Insurance fraud increases premiums, places businesses at risk and is a leading cause of insurance company insolvencies." 2001 Tenn. ALS 356, 2001 Tenn. Pub. Acts 356, 2001 Tenn. Pub. Ch. 356, 2001 Tenn. SB 1499.

6. Though Defendants, VCE, Inc. and Jason Pirtle, may be citizens of Tennessee, Plaintiffs have fraudulently joined these Defendant in attempts to circumnavigate jurisdiction of this Court. Based on the allegations in the Complaint and the statements above, Plaintiff have "no colorable cause of action" against Defendants, VCE, Inc. and Jason Pirtle under Tenn. Code Ann. § 56-53-103.

7. This lawsuit involves the purported liability on the part of Shelter, and the other fraudulently joined defendants, under a policy of insurance issued to plaintiff. Plaintiff contends that Shelter has breached the policy in not complying with the appraisal provision and by not paid all benefits due and owing under the policy. Plaintiff also seeks damages pursuant to Tennessee Code Annotated §56-7-103, pre-judgment and post-judgment

interest, and attorney's fees. The amounts sought by plaintiffs against Defendants is "no less than three million dollars and punitive damages no less than six million dollars."

8.  Jurisdiction exists pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 as the properly joined Defendant, Shelter, is a citizen of Missouri and the Plaintiff is a citizen of Tennessee, and the amount in controversy exceeds the Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Therefore, removal of this Court and Division is proper, pursuant to 28 U.S.C. § 1441.

Wherefore, Shelter hereby removes the above-captioned case from the Circuit Court of Madison County, Tennessee, to the United States District Court for the Western District of Tennessee, Eastern Division at Jackson as provided by law, and will proceed with this action as if it has been originally commenced in this Court.

Respectfully submitted,

\_\_\_/s E. Jason Ferrell_____
**E. JASON FERRELL**
Registration No. 24425
**JAMIE ELIZABETH GLASS**
Registration No. 38731
DIRECT: (615) 630-7716
(615) 256-8787, Ext. 116
jferrell@bkblaw.com

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228
Attorneys for Shelter Mutual Insurance Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of April, 2023, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid to:

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com

Attorney for Plaintiff

                                 /s E. Jason Ferrell
                              **E. JASON FERRELL**