IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NANCY PLUNK ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. Case No. 1:23-cv-1058 |
| ) | |
| SHELTER MUTUAL INSURANCE ) | JURY DEMAND |
| COMPANY, JOHN PRICE, VCE, INC., ) | |
| and JASON PIRTLE ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**DEFENDANT, SHELTER MUTUAL INSURANCE COMPANY, ANSWER**

Comes now the Defendant, Shelter Mutual Insurance Company ("Shelter"), and for Answer to the Complaint for Umpire and Breach of Contract filed by the Plaintiff, Nancy Plunk, would state as follows:

**I.    PARTIES AND VENUE**

1. Admitted that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

2. Upon information and belief, admitted.

3. Admitted that Shelter is a foreign corporation in the business of insurance in the state of Tennessee with its principal office located at 1817 W. Broadway, Columbia, MO 65218. Admitted that Shelter may be served by the Tennessee Department of Insurance pursuant to Tennessee Law. Shelter denies all other allegations contained in this paragraph.

4. Admitted that John Price is an adult resident of Tennessee. Denied John Price has a business address as he is an individual, though he does have a place of employment.

5. Upon information and belief, admitted.

6. Upon information and belief, admitted that Jason Pirtle is an adult resident of

Tennessee who may be served by means authorized by the Tennessee Rules of Civil Procedure. Defendants are without knowledge of any other allegations made in this paragraph, therefore all other allegations contained in this paragraph are denied.

## II.   FACTS

7. Admitted.

8. Admitted that Defendant Price inspected the damage claimed by Plaintiff in June 2022 and produced an estimate for repair of damages under the policy. Admitted that this estimate and letter was less than the estimate provided on behalf of Plaintiff. Defendant is without knowledge as to Plaintiff's incurred expenses; therefore, this allegation is denied.

9. Admitted that Defendants communicated with Plaintiff's contractor via email regarding the Contractor's submitted estimate for tree removal. Admitted that Defendants informed Plaintiff of intention to hire an Engineer to inspect the property to determine if there was any structural damage. Defendants deny all other allegations contained in this paragraph.

10. Defendant admits, upon information and belief, that Jason Pirtle, P.E. of VCE, Inc. inspected Plaintiff's property and produced a report.[1] Defendant is without knowledge as to other allegations made in this paragraph, therefore all other allegations contained in this paragraph are denied.

11. Admitted that Defendants received a demand for appraisal dated October 1, 2022. Defendants deny all other allegations contained in this paragraph.

12. Denied. Plaintiff has inaccurately cited the appraisal provision of the policy.

---

[1] Report produced as Exhibit "8" of the Complaint has annotations made by someone other than Pirtle and is different from the Report produced to Defendants by Jason Pirtle, P.E. of VCE, Inc. in relation to this claim.

12.[2]    Admitted that Defendants sent letter dated October 19,2022 attached in Complaint as Exhibit "6". Defendants deny all other allegations contained in this paragraph.

13.    Admitted that Defendants sent letter dated October 19,2022 attached in Complaint as Exhibit "6". Defendants deny all other allegations contained in this paragraph.

14.    Admitted that Defendants sent letter dated October 19,2022 attached in Complaint as Exhibit "6". Defendants deny all other allegations contained in this paragraph.

15.    Admitted that Defendants sent letter dated October 19,2022 attached in Complaint as Exhibit "6". Defendants deny all other allegations contained in this paragraph.

16.    Admitted, upon information and belief, that Jason Pirtle, P.E. of VCE, Inc. inspected Plaintiff's property and produced a report dated October 10, 2022.[3] Defendants are without knowledge as to other allegations contained in this paragraph, therefore all other allegations are denied.

17.    Defendants are without knowledge as to other allegations contained in this paragraph, therefore all other allegations contained in this paragraph are denied.

18.    Admitted that Defendants received an incomplete Proof of Loss on December 21, 2022. Defendants deny all other allegations contained in this paragraph.

19.    Admitted, upon information and belief, that Jason Pirtle, P.E. of VCE, Inc. inspected Plaintiff's property and produced a report dated October 10, 2022,[4] that was forwarded to Plaintiff and her contractor via email on December 21, 2022. Defendants deny all other allegations contained in this paragraph.

---

[2] For ease of reference, Defendant has continued same paragraph numbering as Plaintiff's Complaint.
[3] Report produced as Exhibit "8" of the Complaint has annotations and is different from the Report produced to Defendant by Jason Pirtle, P.E. of VCE, Inc. in relation to this claim.
[4] Report produced as Exhibit "8" of the Complaint has annotations and is different from the Report produced to Defendant by Jason Pirtle, P.E. of VCE, Inc. in relation to this claim.

20. Admitted that the subject Policy bearing Policy No. 41-73-10179681 ("Policy") allows for an Appraisal process as outlined therein. Defendants deny all other allegations contained in this paragraph.

### III.   Compel Appraisal and Appoint

21. Paragraph 21 restates the law and does not require a response.

22. Denied.

23. Admitted that the subject Policy bearing Policy No. 41-73-10179681 ("Policy") allows for an Appraisal process as outlined therein. Defendants deny all other allegations contained in this paragraph.

### IV.   Breach of Contract

24. Defendants incorporate by reference its responses to paragraphs 1-23 as set forth verbatim herein.

25. Denied.

26. Denied.

### V.   PUNITIVE DAMAGES

27. Defendants incorporate by reference its responses to paragraphs 1-26 as set forth verbatim herein.

28. Denied.

### VI.   TENN. CODE ANN. § 56-53-103

29. Defendants incorporate by reference its responses to paragraphs 1-28 as set forth verbatim herein.

30. Admitted that John Price is an adult resident of Tennessee.  Defendants deny all other allegations contained in this paragraph.

31. Denied.

32. Denied.

33. Denied.

34. Admitted, upon information and belief, that Jason Pirtle, P.E. of VCE, Inc. is an adult resident of Tennessee, who inspected Plaintiff's property and produced a report dated October 10, 2022.[5]  Defendants are without knowledge as to other allegations contained in this paragraph, therefore all other allegations are denied.

35. Denied.

36. Defendant denies Plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph.

37. Defendant now denies each and every other allegation of Plaintiff's Complaint not previously admitted or denied.

### VII.   Additional/Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted as to Shelter.

2. The Complaint fails to state a claim upon which relief can be granted as to Price.

3. The Shelter policy provides coverage only in accordance with policy terms, conditions and subject to the insuring agreement, exclusions and limitations contained in the policy, and Shelter reserves the right to rely upon all provisions of the policy it issued to Plaintiffs.

4. Shelter policy regarding appraisal states as follows:

---

[5] Report produced as Exhibit "8" of the Complaint has annotations and is different from the Report produced to Defendants by Jason Pirtle, P.E. of VCE, Inc. in relation to this claim.

CONDITIONS THAT APPLY TO ALL COVERAGES

5.  APPRAISAL TO SETTLE DISPUTES

> If we cannot agree with you as to the amount due for any loss, either party may make written demand for an appraisal. The appraisal will then be handled in accordance with the state specific endorsement attached to this policy.

AMENDATORY ENDORSEMENT – TENNESSEE

G. In accordance with the section of the policy headed: "CONDITIONS THAT APPLY TO ALL COVERAGES", and the subsection headed: "5. APPRAISAL TO SETTLE DISPUTES", the following is added to your policy:

> APPRAISAL
>
> If you and we fail to agree on the market value, total restoration cost, actual cash value, or amount of loss, as may be required in the applicable policy provision, either party may make written demand for an appraisal. Each party will select an appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the described premises is located to select an umpire.
>
> The appraisers shall then appraise the loss, stating separately the market value, total restoration cost, actual cash value, or loss, to each item as may be required in the applicable policy provision. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the market value, total restoration cost, actual cash value, or amount of loss as may be required in the applicable policy provision. If they cannot agree, they will submit their differences to the umpire. A written award by two will determine the market value, total restoration cost, actual cash value, or amount of loss. Each party will pay the appraiser it chooses, and equally pay expenses for the umpire and all other expenses of the appraisal.

5.   The policy contained certain named perils, including the following:

**PERILS WE** INSURE AGAINST:

This policy provides coverage for **losses** caused by events or conditions called "**perils**". Those **perils** are listed and described below. Each coverage section shows the **perils** that apply under that coverage. Not all coverages

insure against all **perils**. This policy can be modified by written endorsements that may change the list of **perils** applicable to a specific coverage by adding others or removing those that appear below.

***

    3.  WIND

        Coverage under this **peril** does not extend to **losses**:

        (a) caused directly or indirectly by sand, or dust, even if those are driven by wind. This exception does not apply to **losses** to the interior of any building, or property within it, if the exterior of the building is first damaged by the direct force of the wind, which created an opening through which those substances entered;

    6.    Shelter cannot be liable pursuant to T.C.A. §56-53-103(a) as a matter of law.

    7.    Shelter reserves the right to rely upon any and all other provisions, conditions, exclusions, and limitations of the Policy.

    8.    Shelter expressly reserves its right to raise any additional affirmative defenses which may be applicable in this matter and to amend its Answer accordingly.

**WHEREFORE**, having fully answered the Complaint filed against it, the Defendant, Shelter, prays that the cause of action against it be dismissed with prejudice. Alternatively, Defendant requests such relief as this Court deems just and proper, that a constitutional jury this cause, and Defendant reserves the right to amend its answer to conform to the evidence as it develops.

                                                                   Respectfully submitted,

                                                                     /s E. Jason Ferrell
                                                           **E. JASON FERRELL**
                                                           Registration No. 24425

> **JAMIE ELIZABETH GLASS**
> Registration No. 38731
> DIRECT: (615) 630-7716
> (615) 256-8787, Ext. 116
> jferrell@bkblaw.com
>
> **BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
> 545 Mainstream Drive, Suite 101
> Nashville, TN  37228
> Attorneys for Shelter Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2023, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com
Attorney for Plaintiff

Matthew Lee Harris, Esq.
Tom Shumate IV, Esq.
Meridian Law, PLLC
5141 Virginia Way, Suite 320
Brentwood, TN 37027
matthew.harris@meridian.law
tom.shumate@meridian.law
Attorney for VCE, Inc.

    /s E. Jason Ferrell
**E. JASON FERRELL**