**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **NANCY PLUNK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:23-cv-1058** |
| | ) | |
| **SHELTER MUTUAL INSURANCE** | ) | **JURY DEMAND** |
| **COMPANY, JOHN PRICE, VCE, INC.,** | ) | |
| **and JASON PIRTLE** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT, JOHN PRICE, MOTION TO DISMISS

Comes now the Defendant, John Price ("Price"), by and through counsel, and provides the following memorandum in support of his Motion to Dismiss pursuant to Rule 12(b)(6) of the Fed. R. Civ. P. In support of the motion, Defendant Price would demonstrate as follows:

### FACTUAL SUMMARY

On March 7, 2023, the Plaintiff, Nancy Plunk, filed suit against Price in the Circuit Court for Madison County, Tennessee, where said action was removed by Shelter Mutual Insurance Company ("Shelter") to this court on April 13, 2023. On March 14, 2023, Price received a summons and a copy of the complaint after it was left at his place of employment. In its removal, Shelter asserted Priced had been fraudulently joined as a defendant for the sole purpose of attempting to defeat diversity jurisdiction.

The causes of action against Price in the Plaintiff's complaint are for Breach of Contract and violations of Tenn. Code Ann. § 56-53-103. All of the allegations against

Price were alleged to arise out of his alleged misrepresentation of coverage terms and benefits as an adjuster for Shelter.

## LAW AND ARGUMENT

A Defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

1.      **Tenn. Code Ann. § 56-53-103 Does Not Apply to Price**

The Unlawful Insurance act is codified at Tenn. Code Ann. § 56-53-103.  The Act has two distinct sections with very different verbiage in each. The first section provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>>
>>> **(A)** The application for, rating of, or renewal of, any insurance policy;

> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>
> **(C)** Payments made in accordance with the terms of any insurance policy; or
>
> **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act does not apply to Price because this applies to insureds, not insurers, and certainly not adjusters. Price is not an insured. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium. First, this portion of the Act clearly only applies to persons presenting information by or on behalf of an insured or claimant. Mr. Price did not present any information by an insured or on behalf of an insured. Case law in Tennessee clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any

material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'"). (Emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); UnitedHealthCare Servs. v. Team Health Holdings, Inc., No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This portion of the Act only applies to an insured, or someone submitting information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. Because Price is not the insured and he did not submit information on behalf of the insured, the Act does not apply to him.

The second pertinent part of the Act provides as follows:

**(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance,

has committed an unlawful insurance act:

> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>>
>> **(B)** An application for certificate of authority;
>>
>> **(C)** The financial condition of any insurer; or
>>
>> **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is also inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it <u>only</u> applies to the sale of an insurance policy or the solicitation for sale of an insurance policy; an application for certificate of authority; the financial condition of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2). The Plaintiff's complaint does not contain any such allegations against Price, and thus, this portion of the act does not apply.

Considering the Plaintiffs' claims against Price for alleged violations of the Act do not fall under any portion of the Act, all Plaintiff's allegations regarding alleged violations of the Act must be dismissed, with prejudice, as to Price. Because the Act does not apply, the claims under Tenn. Code Ann. § 56-53-103 against Price fail as a matter of law and must be dismissed.

Plaintiff's complaint makes it clear that it was Shelter that issued the insurance policy to the Plaintiff. Plaintiff's breach of contract action is based upon that policy contract. Because Price was not a party to that contract, he could not have breached the contract, and the breach of contract claims against him must be dismissed. Furthermore, the claims in the complaint seeking to compel appraisal and for punitive damages should be dismissed as applied to Price.

**2.      Price Cannot Be Personally Liable**

As referenced in the Complaint, Defendant John Price is an insurance adjuster for Shelter, and all the claims raised against him in the Complaint stem from his actions during the course and scope of his employment as an insurance adjuster for Shelter. The allegations in Plaintiff's Complaint against Defendant Price specifically relate to statements made concerning the Plaintiff's claim.

This Court in <u>Sainaam Inc. v. Am. Nat'l Prop. & Cas. Co.</u>, confirmed that "it is well-settled in Tennessee that an insurance agent is not personally liable on an insurance contract formed while the agent was acting within the scope of the agency relationship, and, as here, the contracting parties understood that the agent was acting on behalf of a principal insurance company." No. 08-1149, 2008 U.S. Dist. LEXIS 70071, at 10-12 (W.D. Tenn., 2008) (citing <u>Holt v. American Progressive Life Ins. Co.</u>, 731 S.W.2d at 925 (Tenn. Ct. App. 1987)). Additionally, in <u>Gilbert v. Nationwide Ins. Co.</u>, the Court held that an insurance adjuster was fraudulently joined where:

> There is sufficient evidence that plaintiffs do not have a cause of action against Stewart under Tennessee law. Defendants have demonstrated that there is no concern that plaintiffs cannot obtain complete relief if Stewart is not made a party to this action. There is no allegation in the complaint that Stewart acted in any way which

would create individual liability against her under Tennessee law. There is no evidence that the denial of plaintiffs' insurance claim is anything more than a corporate wrong for which Nationwide, and not its employee, could be liable. There is no allegation and no proof that Stewart acted outside the scope of her employment as Nationwide's insurance adjuster. There is no evidence that Stewart owed plaintiffs an independent contractual duty. There was no "colorable basis for predicting" that plaintiffs could recover against Stewart under Tennessee law.

No. 08-2681-STA-DKV, 2009 U.S. Dist. LEXIS 4409, at 6-7 (W.D. Tenn., 2009).

Such mirrors the facts surrounding Defendant Price. The plaintiff does not have a cause of action against Mr. Price as he was working in the course and scope of his employment as an insurance adjuster for Shelter. Plaintiffs can obtain complete relief for any potential, appropriate claims without Mr. Price being a party. There is no allegation that Price owed plaintiff an independent contractual duty. There is no "colorable basis for predicting" that plaintiff could recover against Price under Tennessee law. Plaintiff has not alleged any facts that, even if true, show that she is entitled to relief from Defendant Price. Thus, Price should be dismissed as a matter of law.

**WHEREFORE**, Defendant Price hereby requests that this Court enter an Order dismissing him from the complaint with prejudice pursuant to Rule 12(b)(6) of the Fed. R. Civ. P.

Respectfully submitted,

_____/s E. Jason Ferrell_____
**E. JASON FERRELL**
Registration No. 24425
**JAMIE ELIZABETH GLASS**
Registration No. 38731
DIRECT: (615) 630-7716
(615) 256-8787, Ext. 116

jferrell@bkblaw.com

**BREWER, KRAUSE, BROOKS, CHASTAIN
& MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228
Attorneys for Shelter Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2023, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com
Attorney for Plaintiff

Matthew Lee Harris, Esq.
Tom Shumate IV, Esq.
Meridian Law, PLLC
5141 Virginia Way, Suite 320
Brentwood, TN 37027
matthew.harris@meridian.law
tom.shumate@meridian.law
Attorney for VCE, Inc.

/s E. Jason Ferrell
**E. JASON FERRELL**