IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| NANCY PLUNK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No.: 1:23-CV-1058 |
| | ) JURY DEMAND |
| SHELTER MUTUAL INSURANCE COMPANY, JOHN PRICE, VCE, INC., and JASON PIRTLE, | ) |
| Defendants. | ) |

## DEFENDANT VCE, INC.'S MEMORANDUM OF LAW SUPPORTING DISMISSAL OF ALL CLAIMS & STATUTORY RECOVERY OF ATTORNEY'S FEES

**COMES NOW,** Defendant, VCE, Inc. (hereafter: "Defendant VCE"), by and through undersigned counsel, and pursuant to *Fed. R. Civ. P.* 12(b)(6) respectfully files this Memorandum of Law supporting its contemporaneously filed Motion to Dismiss for Failure to State a Claim as follows, to-wit:

### I.     Procedural Background

Plaintiff Plunk originally filed this matter on March 7, 2023 in the Circuit Court of Madison County, Tennessee. Co-Defendant Shelter Mutual Insurance Company later removed the matter to the U.S. District Court for Western District of Tennessee pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 on April 13, 2023. Defendant VCE, Inc. was provided until May 19, 2023 to file its responsive pleading to the Complaint, and timely does so with this Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

## II. Factual & Procedural Background

According to the Complaint, Ms. Plunk submitted a claim for certain property losses to her insurer, Shelter Mutual, following an unusually strong weather/wind event having occurred on May 26, 2022.[1] Shelter inspected the damages and provided an estimated loss evaluation of $5,408.15.[2] Plaintiff believed the damages resulting from the wind event were more expansive than Shelter's estimate reflected, and Ms. Plunk then evidently hired a contractor, P & G Construction Consultants, LLC, (hereafter: "P & G") to inspect and produce an estimate of the costs required to repair **structural** (as opposed to the tree/fence damages contemplated earlier by Shelter) problems with the property.[3] More specifically, she alleges ". . . extensive tree damage and subsequent tree and debris mitigation measures to remove trees from the dwelling, roof, other structures, fences . . .).[4] Unsurprisingly, P & G's estimate for a much broader repair project was far greater than Shelter originally contemplated—P & G provided estimated costs totaling $116,665.75.

P & G did not provide (nor is there any indication P & G would have been qualified to provide) a determination as to causation or whether the estimated costs should be deemed a covered loss for which insurance policy benefits would apply. According to the Complaint, Shelter Mutual repeatedly advised Ms. Plunk that the nature and extent of the loss itself would need to be evaluated before determination of costs to repair/replace could be determined.[5] Shelter even had to request Ms. Plunk execute a "Proof of Loss" affidavit so the preliminary determination of cause

---

[1] *See*, Complaint, ¶ 7.
[2] *See*, Complaint, Exhibit 2, p. 21.
[3] *Id.*
[4] *See,* Complaint, ¶ 8.
[5] *See*, Complaint, Exhibit 6, p. 45.

could be determined in the absence of this information provided by Plaintiff herself.[6]

In other words, and based solely on Plaintiff's well-pled allegations, Ms. Plunk presented a "loss" to Shelter Mutual without any preliminary determination of whether her claim was, in fact, a covered loss to which policy benefits would provide coverage. In correspondence dated September 20, 2022, Shelter Mutual advised Ms. Plunk that ". . . we have sent an assignment to an engineer **to come out and inspect the property to determine if there is any structural damage that we missed during our inspection**."[7]

Jason Pirtle, an independent contractor of VCE, Inc. and not an employee, visited the property on September 28, 2022 alongside Mr. William Griffin, the Plaintiff's independent adjuster, and Mr. Chad Hearn, a friend of Ms. Plunk.[8] As the report states in conspicuous, bold-print typeface, the report was prepared for "Shelter Insurance" in "Selmer, Tennessee" and designated an "engineering investigation." The report concludes as follows:

> *Based on the information gathered during the investigation, I conclude the limb strike damage to the Main Home and South Shop is confined to the area of impact, as described in the report. Additional information on the causation of the other damage observed is contained within the report body.*[9]

The Complaint alleges Mr. Pirtle ". . . was shown all the damages in the contractor's estimate to repair and provided the estimate and the photographic evidence of all damages and showing [*sic*] what the property looked like the day of, and after, the loss. . . but Pirtle states on page 2 and 3 [of his report] that he was not provided any photos prior to the loss date or debris

---

[6] *Id.*
[7] *See*, Complaint, Exhibit 5, p. 43 (emphasis added).
[8] *See*, Complaint, Exhibit 8, p. 48.
[9] *See*, Complaint, *Exhibit 8 Falsehood*, p. 49.

removal, but displays them in the report and was emailed them on September 28, 2022."[10]

Ms. Plunk filed suit against Shelter Mutual, claims adjuster John Price, VCE, Inc., and independent contractor Jason Pirtle.[11]

### III.     Legal Standard & Controlling Law

*Fed. R. Civ. P.* 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has plead a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. *Brown v. City of Memphis*, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is plausible on its face only if "the plaintiff

---

[10] *See*, Complaint, ¶ 10.
[11] Although outside the realm of a *Fed. R. Civ. P.* 12(b)(6) motion, VCE would show for the sake of clarity that Mr. Pirtle is, in fact, an independent contractor and not an employee. The distinction is immaterial for purposes of this motion only but is raised simply for context.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332(6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### IV.   Argument & Analysis of Claims

VCE, Inc. was engaged by Shelter Mutual—not Nancy Plunk—to inspect the property for matters of causation (not, as the Complaint mistakenly contends, to provide an estimate of her losses). VCE, Inc. obviously was not party to the terms of Plaintiff's insurance policy with Shelter Mutual nor was VCE, Inc. obligated to perform services on Plaintiff's behalf at any point in time whatsoever—in fact, as the Complaint and Exhibits clearly show, VCE, Inc.'s role in this matter was limited to an engineering investigation undertaken solely at Shelter Mutual's behest. For the reasons which follow, Plaintiff's claims for relief including compulsion of an appraisal, breach of contract, punitive damages, and violation of Tennessee's Unlawful Insurance Act statutory body must each and all fail as each fail to plausibly plead allegations which could lead to recovery of damages for same.

#### A. Plaintiff's Claim to "Compel Appraisal & Appoint Umpire Qualifications [*sic*]" Has No Application to VCE, Inc.

To the extent Plaintiff legitimately contends that VCE, Inc. has an obligation to participate

in the allegations set forth in Paragraph Nos. 21-23 of the Complaint (under the heading "Compel Appraisal and Appoint Umpire Qualifications"), VCE, Inc. would show it was never a party nor signatory to Plaintiff's insurance policy (the Complaint omits any allegation to the contrary). VCE, Inc. was merely engaged by Shelter Insurance to provide an engineering investigation to better understand the disparity between Shelter's original estimate costs and those far surpassing Shelter's estimates presented by Ms. Plunk and her contractor, P & G. According to the exhibits attached to her Complaint, Shelter Mutual required a factual investigation into whether P & G's estimated costs were, in fact, the result of a loss covered by the terms of her policy.

In the absence of a contractual obligation otherwise, VCE, Inc. requests the Court dismiss and reject any claim that VCE, Inc. must participate in an appraisal/umpire proceeding with Plaintiff and specifically declare VCE, Inc. as having no financial obligation with respect to such a proceeding.

### B. In the Absence of Privity of Contract, Plaintiff Cannot Maintain a Claim for Breach of Contract Against VCE, Inc.

Although the law in Tennessee is longstanding and well-settled, it is worth noting the obvious: Plaintiff cannot use the courts to unilaterally create and enforce a contract to which VCE, Inc. never bargained, assented, or provided consideration. *Dubois v. Gentry,* 184 S.W.2d 369 (1945). Yet, this is precisely what Plaintiff evidently seeks from the court in her claim for breach of contract against VCE, Inc.

For instance, at Paragraph 25 of the Complaint, Plaintiff alleges "Defendants materially breached the insurance agreement by refusing to comply with the mandatory appraisal provision they wrote into the contract of adhesion." Putting aside the issue of adhesion being a defense to contract performance (and not a reason to offensively enforce the terms of a contract to which VCE

never assented), Defendant would show it obviously had no role in the "writing" of this insurance policy. Assuming, *arguendo*, if this Defendant did have such a role, the Complaint nevertheless still fails to state a valid claim for breach of contract against VCE, Inc. in that it performed pursuant to terms effective with Shelter Mutual—not Nancy Plunk. Any injuries allegedly incurred due to breach of her insurance policy did not result—and as a matter of law, could not have resulted—from VCE, Inc.'s performance of its obligations owed to Shelter Mutual. Plaintiff therefore lacks any contractual basis to assert claims against VCE, Inc., especially when the injuries complained of (deprivation of an appraisal) resulted solely from Shelter Mutual's determination of which policy terms controlled the adjustment and disposition of her claims.

### C. Plaintiff Cannot Recover Punitive Damages from VCE, Inc.

Although "punitive damages" is recognized as a category of damages, and not an independent cause of action, the law is nevertheless very clear that such an award is inappropriate in a contractual matter. In Tennessee, "punitive damages 'are generally not available for breach of contract.'" Citing *Barnes v. Gorman,* 536 U.S. 181, 187-188 (2002). Even if punitive damages were available to Plaintiff, her sole allegation that "[d]efendants conduct was [*sic*] reckless, and in light of the foregoing allegations, entitles Plaintiff to an award of punitive damages" is perhaps the textbook definition of a "threadbare recital" and incapable of withstanding dismissal pursuant to *Fed. R. Civ. P.* 12(b)(6). In the absence of specific allegations amounting to more than the conclusory allegation that unspecified actions were "reckless," Plaintiff has failed to state a claim upon which relief can be granted. *See, Fed. R. Civ. P.* 12(b)(6).

### D. T.C.A. § 56-53-103 Does Not Contemplate Liability for VCE, Inc.

Plaintiff's final claim suggests VCE, Inc. is liable for Mr. Pirtle having ". . . presented and

published false information to an insurer, insured, and an insurance professional/practitioner related to an insurance claim by stating [in his report] that 'The limb strike damage to the main home and the south shop is confined to the area of impact.'"[12] This statement, Plaintiff argues, subjects VCE, Inc. to liability for "violat[ing] the Unlawful Insurance Act."

This cause of action is likewise fatally flawed and relief cannot be granted because the statute in question does not apply to VCE, Inc. under the facts pled in the Complaint. Specifically, T.C.A. § 56-53-103(a)(2) provides that an unlawful insurance act applies only to an individual who:

> (2) Presents, **causes to be presented**, or prepares with knowledge or belief that it will be presented, **to or by an insurer**, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that **the person knows to contain false representations**, or representations the falsity of which the person has recklessly disregarded, as to any **material fact, or that withholds or conceals a material fact, concerning any of the following:**
>
> > (A) The solicitation for sale of any insurance policy or purported insurance policy;
> >
> > (B) An application for certificate of authority;
> >
> > (C) The financial condition of any insurer; or
> >
> > (D) The acquisition, formation, merger, affiliation or dissolution of any insurer; or
>
> (3) Solicits or accepts new or renewal insurance risks by or for an insurer that the person knows was insolvent or the insolvency

T.C.A. § 56-53-103(b)(1)(A)-(D). Plaintiff alleges VCE, Inc., through its independent contractor Mr. Pirtle, presented a report to Shelter Mutual addressing the alleged structural losses for which she seeks compensation. Although her Complaint pleads dissatisfaction with the report and

---
[12] *See*, Complaint, ¶ 34.

disagrees with Mr. Pirtle's professional conclusions, there is no question the report was presented **to Shelter** specifically for **Shelter's purposes**—not to please Ms. Plunk. Furthermore, there can be no doubt that neither the Complaint nor the attached exhibits provide any basis for which it can be argued that Mr. Pirtle's report was intended to provide "material representations" or "reckless omissions" from the substance of same. Although the Complaint alleges VCE, Inc. "caused to be presented" certain information regarding an "insurance transaction" per the statute, the Complaint **wholly fails** to plead any factual allegation which, if true, would demonstrate one of the required four sub-section factual pre-requisites set forth in T.C.A. § 56-53-103(b) of (A)-(D). Thus, the Plaintiff has failed to state a claim upon which relief can be granted.

### V. Conclusion

In the absence of a contractual relationship to the contrary, Plaintiff's claims as set forth in the Complaint must fail as a matter of law as no allegation in the Complaint, even if proven true, would entitle Ms. Plunk to recovery of and from this Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Defendant VCE, Inc. prays this Honorable Court dismiss each and every claim asserted against it in the premises with prejudice, that Defendant be deemed immune from allegations that it violated the Unlawful Insurance Practice Act and, accordingly, awarded it's reasonably incurred attorney's fees resulting from same, that all costs be taxed to the Plaintiff, and for any additional relief to which VCE, Inc. may be entitled under the premises.

**DATED:**     **MAY 19, 2023.**

Respectfully submitted,



By: */s/ Matthew Lee Harris*
Matthew L. Harris (#03076)
Thomas W. Shumate IV (#019595)
Meridian Law, PLLC
5141 Virginia Way, Suite 320
Brentwood, TN 37027
615-229-7499 (office)
615-229-7498 (fax)
Email: matthew.harris@meridian.law
tom.shumate@meridian.law
*Counsel for VCE, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using the Court's CM/ECF system on May 19, 2023, which will automatically send a copy of the filing to:

| | |
|---|---|
| **Drayton Berkley** | **E. JASON FERRELL** |
| The Berkley Law Firm | Registration No. 24425 |
| 1255 Lynnfield Road, Ste 226 | **JAMIE ELIZABETH GLASS** |
| Memphis, TN 38119 | Registration No. 38731 |
| Ph.: 901-322-8706 | DIRECT: (615) 630-7716 |
| attorneyberkley@gmail.com | (615) 256-8787, Ext. 116 |
| *Attorney for Plaintiff* | jferrell@bkblaw.com |
| | jglass@bkblaw.com |
| | *Attorney for Shelter Mutual Insurance Company and John Price* |

I hereby certify that a true and exact copy of the foregoing has been served by US Mail on:

Jason Pirtle
2604 Foster Avenue
Nashville, TN 37210

on this 19th day of May, 2023.

*/s/ Matthew Lee Harris*
Matthew Lee Harris (#030176)