IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NANCY PLUNK,

    Plaintiff,

v.                                                                             No. 1:23-cv-01058-JDB-jay

SHELTER MUTUAL INSURANCE
COMPANY; JOHN PRICE; VCE, INC.;
and JASON PIRTLE,

    Defendants.

_____

ORDER GRANTING MOTIONS OF DEFENDANTS PRICE AND VCE TO DISMISS,
VACATING ORDER OF REFERENCE,
DENYING PLAINTIFF'S MOTION TO REMAND,
AND
DIRECTING PLAINTIFF AND HER COUNSEL TO SHOW CAUSE
_____

I.       INTRODUCTION

This matter was initially brought in the Circuit Court of Madison County, Tennessee, by the Plaintiff, Nancy Plunk, against the Defendants, Shelter Mutual Insurance Co. ("Shelter"); John Price; VCE, Inc. ("VCE"); and Jason Pirtle, requesting an order compelling an appraisal and appointing an umpire, and alleging breach of contract, punitive damages, and violation of Tennessee Code Annotated § 56-53-103. (Docket Entry ("D.E.") 1-2.) The matter was removed to this Court on April 13, 2023, on diversity grounds. (D.E. 1.) Pending on the Court's docket are the separate motions of Defendants Price and VCE to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.E. 16, 23) and Plaintiff's motion to remand the matter to state court (D.E. 20). As the briefing has closed, the motions are ripe for disposition.

1

II.   FACTS ALLEGED

According to the complaint, Plaintiff is the named insured on an insurance policy issued by Shelter covering property located at 147 Old Bells Loop in Jackson, Tennessee. A loss occurred on May 26, 2022, from which this action arose.

III.   MOTIONS TO DISMISS

A.   RULE 12(B)(6) STANDARD

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The question before the Court on a motion to dismiss is not whether the plaintiff will ultimately prevail, *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011), but whether the well-pleaded facts "permit the court to infer more than the mere possibility of misconduct," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In resolving a Rule 12(b)(6) motion, a court is to "view the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and look to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ammex, Inc. v. McDowell*, 24 F.4th 1072, 1079 (6th Cir. 2022) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint should only be dismissed if it is clear to the court that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Herhold v. Green Tree Servicing, LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)) (internal quotation marks omitted).

B.    DEFENDANT PRICE

1.    Section 56-53-103

Price, identified in the complaint as Shelter's adjuster, seeks dismissal of Plaintiff's claims under § 56-53-103(a)(1), contained in Count V of the pleading, on the grounds that the statute applies only to insureds. In response to the movant's assertion, Plunk, represented by Attorney Drayton Berkley, quotes the applicable statutory provisions thusly:

Tenn. Code Ann. § 56-53-103 provides in relevant part that:

Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

    …..

    i. ……..

    ii. A claim for payment or benefit pursuant to any insurance policy;

    iii. Payments made in accordance with the terms of any insurance policy; or

………

2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

Tenn. Code Ann. § 56-53-101 provides in relevant part that:

4."Insurance professional" means ………..adjusters……………………

5. "Insurance transaction" means a transaction by, between or among:

3

>> a. An insurer or a person who acts on behalf of an insurer; and
>
>> b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……
>
> 8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity[.]

(D.E. 21-1 at PageID 209-11.)  Counsel's recitation of § 56-53-103, however, omits those portions thereof that prove Price's position correct.  To illustrate, the following constitutes the full text of § 56-53-103(a)(1), with those portions omitted by Attorney Berkley in boldface:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant to** an **insurer**, insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction**, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A) The application for, rating of, or renewal of, any insurance policy;**
>
>> (B) A claim for payment or benefit pursuant to any insurance policy;
>
>> (C) Payments made in accordance with the terms of any insurance policy; or
>
>> **(D) The application for the financing of any insurance premium;**

Tenn. Code Ann. § 56-53-103(a)(1) (emphasis added).

4

The same altered recitation of the statute has been proffered by Attorney Berkley in similar cases in this division--*Olympic Steakhouse v. Western World Insurance Group*, Case No. 1:23-cv-02191-JDB-jay (W.D. Tenn.); *Anderson Eye Care of West Tennessee v. Auto-Owners Insurance Co.*, Case No. 1:23-cv-01092-STA-jay (W.D. Tenn.); *Anderson v. State Automobile Mutual Insurance Co.*, Case No. 1:23-cv-01047-JDB-jay (W.D. Tenn.); and *Anderson v. Acuity, A Mutual Insurance Co.*, Case No. 1:23-cv-01046-JDB-jay (W.D. Tenn.).  In *Anderson Eye Care*, Judge S. Thomas Anderson conducted a show cause hearing on September 22, 2023, on the issue of whether Attorney Berkley and his client should be sanctioned for presenting altered statutory language to the court in an attempt to misrepresent its meaning as applied to an insurer defendant.  In an order entered October 10, 2023, Judge Anderson noted that, during the hearing, "Plaintiff's counsel conceded that § 56-53-103(a)(1) does not create a cause of action against insurers or their agents; instead, it expressly applies to insureds and insured's agents or their authorized representatives." (Case No. 1:23-cv-01092-STA-jay, D.E. 24 at PageID 364.)  Based on that concession, Judge Anderson granted the motion of the insurer to dismiss plaintiff's § 56-53-103(a)(1) claims on the grounds that the statute has no application to an insurer.  (*Id.*, D.E. 23.)  Similarly, in light of Attorney Berkley's admission before Judge Anderson, Price's motion is hereby GRANTED and Count V of the complaint is DISMISSED.

    C.    DEFENDANT VCE

        1.    Appraisal and Appointment of Umpire

Plunk alleged in her complaint that VCE provided an estimate for the damage incurred by the property.  In its motion to dismiss, VCE submits that, to the extent Plaintiff asserts that it has a contractual or financial obligation to participate in an appraisal or umpire proceeding, it has none.  Plaintiff did not address this argument in her responsive brief.  Accordingly, it appears to the Court

that any suggestion that VCE has a contractual or financial obligation to participate in an appraisal or umpire proceeding has been abandoned. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) ("The district court correctly noted . . . that Doe abandoned [certain] claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint.").

        2.      Breach of Contract

The movant seeks dismissal of Plunk's breach of contract claim. However, as Plaintiff failed to address this contention in her response, the Court will assume that any breach of contract claim against VCE has also been abandoned. *See id.*

        3.      Section 56-53-103

As did Price, VCE maintains that § 56-53-103(a)(1) is inapplicable to it. Like Price, Plaintiff has not alleged that VCE is an insured in this case. Therefore, for the same reasons the statute does not apply to Price, it also does not apply to VCE.

        4.      Punitive Damages

Finally, VCE moves for dismissal of Plunk's claim for punitive damages. As noted by the movant, punitive damages are a remedy, not an independent cause of action. *See Smith v. Smith*, No. E2017-01295-COA-R3-CV, 2019 WL 410702, at *13 n.10 (Tenn. Ct. App. Jan. 31, 2019). In any event, because all claims for which Plaintiff seeks a remedy with respect to VCE have been dismissed herein, she is not entitled to punitive damages.

For the reasons articulated above, VCE's motion to dismiss is GRANTED.[1]

---

[1] The Court recognizes that VCE also seeks an award of attorney's fees and costs. Such relief may be properly sought by separate motion.

IV. MOTION TO REMAND

At the outset, the Court hereby VACATES its May 15, 2023, order referring this motion to the magistrate judge.

According to the complaint, Plunk is a citizen of Tennessee, as are Defendants Price, VCE, and Pirtle.  Shelter is a foreign corporation with its principal place of business in Missouri.  The notice of removal contended that the non-diverse Defendants had been fraudulently joined.  Fraudulent joinder "occurs when the non-removing party joins a party against whom there is no colorable cause of action" and "will not defeat removal on diversity grounds." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 310 (6th Cir. 2020).  In her motion to remand, Plaintiff argues only that there was a colorable cause of action against Price, VCE, and Pirtle--her § 56-53-103(a)(1) claim.  However, the Court has already dismissed those claims against Price and VCE, finding that the statute applies only to insureds, a conclusion to which Plunk's counsel has since conceded.  The statute does not provide a colorable claim against Pirtle either, as he is, according to Defendants and undisputed by Plaintiff, a contracted engineer for VCE who performed the inspection of the damaged property and drafted a report.

As Plaintiff has failed to assert a colorable claim against Price, VCE, or Pirtle, the Court finds they were fraudulently joined.  The motion to remand is DENIED.

V. ORDER TO SHOW CAUSE

Tennessee Rule of Professional Conduct 3.3(a), as adopted by this Court, provides that "[a] lawyer shall not knowingly:  (1) make a false statement of fact or law to a tribunal. . . ." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1); *see* LR 83.4(g).  Likewise, Federal Rule of Civil Procedure 11 declares that attorneys who submit pleadings to a court are certifying that the legal claims presented are warranted by the law or are nonfrivolous arguments to extend or change the law.

7

Fed. R. Civ. P. 11(b)(2).  The federal rule permits a court to impose sanctions—on a motion or its own initiative—against violators.  Fed. R. Civ. P. 11(c).

Here, Attorney Berkley omitted significant, relevant portions of § 56-53-103 in pleadings signed and submitted to this Court.  Those omissions materially changed the statute in Plaintiff's favor.  Without the omissions, the statute clearly applies only to insureds, not insurers or their agents.  Accordingly, Plaintiff and her counsel are ORDERED to show cause within fourteen days from the entry of this order why they should not be sanctioned for misleading the Court.

IT IS SO ORDERED this 20th day of October 2023.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE