# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NANCY PLUNK, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:23-CV-01058-JDB-jay |
| ) | |
| v. ) | DISTRICT JUDGE BREEN |
| ) | MAGISTRATE JUDGE YORK |
| SHELTER MUTUAL INSURANCE ) | |
| COMPANY, JOHN PRICE, ) | JURY DEMAND |
| VCE, INC., and JASON PIRTLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VCE INC.'S MOTION FOR AWARD OF ATTORNEYS' FEES

Defendant VCE, Inc. ("VCE") submits this Memorandum of Law in Support of its Motion for Award of Attorneys' Fees. As shown below, this Court has the equitable authority to award VCE its reasonable and necessary attorneys' fees and expenses due to the bad faith and vexatious conduct of Plaintiff Nancy Plunk and her attorney.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff initially filed her Complaint for Umpire and Breach of Contract on March 07, 2023, in the Circuit Court for Madison County, Tennessee. Plaintiff's claims alleged arose from an insurance claim related to alleged property damage to her home. Plaintiff further alleged that Defendants committed Unlawful Insurance Acts under Tenn. Code Ann. § 56-53-103 and requested punitive damages. Counsel for VCE was retained on April 7, 2023, and they filed a Notice of Appearance on April 17, 2023. (Dkt. No. 11).

Defendant Shelter Mutual Insurance Company ("Shelter") filed a Notice of Removal to this Court on April 13, 2023. (Dkt. No. 1). Defendant John Price ("Price") filed a Motion to Dismiss on April 20, 2023 (Dkt. Nos. 16-17), followed by VCE's Motion to Dismiss on May 19, 2023. (Dkt. Nos. 23 and 23-1).

Plaintiff relied on Tenn. Code Ann. § 56-53-103 in her Memorandum in Support of Response to Price's Motion to Dismiss. (Dkt. No. 21-1 at pp. 1-3). However, as noted in the Court's Order of October 20, 2023 (Dkt. No. 34), Plaintiff, by and through counsel, omitted portions of § 56-53-103(a)(1) that would have shown that the Unlawful Insurance Act does not apply to Defendants Price and VCE. The Court's Order noted four other recent cases in this division of the District Court in which Plaintiff's counsel had used the same altered statutory language. The Court found Defendants Price, VCE, and Pirtle had been fraudulently joined in the litigation and ordered Plaintiff's counsel to show cause why he should not be sanctioned for omitting significant, relevant portions of the statute in filing. The Court further recognized that VCE had requested an award of attorneys' fees in its Motion to Dismiss, which could be brought via separate Motion. (Dkt. No. 34 at p. 6).

As noted in Exhibit A-1 to VCE counsel's Affidavit in Support of VCE's Motion for Award of Attorneys' Fees, VCE has incurred $23,102.50 in attorneys' fees through the date of this Motion. Counsel for VCE reviewed documents, corresponded with counsel for the other parties, conducted research on numerous issues, developed a defense strategy, began drafting an Answer to the Complaint with affirmative defenses, and drafted the Motion to Dismiss and supporting Memorandum of Law, among other necessary and reasonable tasks in defense of this matter.

Because of Plaintiff's bad faith and vexatious conduct, and because it was the prevailing party, VCE moves for a full award of its reasonable attorneys' fees, expenses, and costs.

## ARGUMENT

**I.    The Court has authority to grant VCE's request to be awarded its attorneys' fees and expenses, and the Court should do so here.**

Despite the American Rule,[1] federal court judges have authority from various sources to grant an award of attorneys' fees. A federal court may, within its discretion and its equitable power, award attorneys' fees in exceptional circumstances. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *see also Grinnell Bros., Inc. v. Touche Ross & Co.*, 655 F.2d 725, 726 (6th Cir. 1981). This includes circumstances where an adversary has "acted in bad faith or vexatiously," *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 n. 4 (1968). If a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorneys' fees against the responsible party. *Chambers*, 501 U.S. at 46 (quoting *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)). Such conduct could also justify an assessment of attorneys' fees as a sanction under Fed. R. Civ. P. 11(c).[2]

The Court is further allowed to assess attorneys' fees under 28 U.S.C. § 1927, when an attorney "multiplies the proceedings in any case unreasonably and vexatiously…." The Sixth Circuit Court of Appeals has defined "unreasonably and vexatiously" to mean "an intentional departure from proper conduct, or, at a minimum, …a reckless disregard of the duty owed by counsel to the court." *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987) (quoting *United States v. Ross*,

---

[1] *See State of Ohio v. United States*, 986 F.3d 618, 631 (6th Cir. 2021) for discussion of the American Rule.
[2] The court noted its power to impose sanctions under Rule 11 in its October 20, 2023 Order. *See* Dkt. No. 34 at p. 7-8.

3

535 F.2d 346, 349 (6th Cir. 1976)). Simple inadvertence or neglect will not suffice to support an award of fees, but rather there "must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* at 984. So it is here.

But for the conduct of Plaintiff's counsel in repeatedly and intentionally ignoring the plain language of Tenn. Code Ann. § 56-53-103, VCE would not have been sued for a baseless claim under an inapplicable statute and forced to defend the claims against it in both state and federal court. As demonstrated by Plaintiff's counsel's conduct in other matters and the Court's need to request that he show cause why he should not be held in contempt of court, this is an exceptional situation in which the Court should award VCE its reasonable and necessary attorneys' fees, expenses, and costs.

Omitting an inconvenient but critical portion of statutory language in an attempt to keep VCE from being dismissed can only be described as bad faith, vexatious conduct. Because of counsel's citation of the same changed language in multiple cases before this Court, this conduct must be considered either intentional or, at a minimum, "a reckless disregard of the duty owed by counsel to the court." *In re Ruben*, 825 F.2d at 983. Had Plaintiff included the omitted portions of Tenn. Code Ann. § 56-53-103 in her Complaint or her Response to the Motions to Dismiss, it would have been clear from the plain language of the statute that VCE was not subject to liability under the Unlawful Insurance Act. Plaintiff's intentional and reckless conduct "falls short of the obligations owed by a member of the bar to the court," and has caused "additional expense" to VCE. *Id.* at 984. VCE therefore requests a full award of its attorneys' fees incurred in defense of

4

this lawsuit, whether that award is based on Rule 11(c), the Court's inherent authority, or on statute.

## II. VCE's attorneys' fees are reasonable.

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Hubbard v. Ridenour*, No. 22-cv-2080-TLP-tmp, 2023 WL 7034051, at *1 (W.D. Tenn. 2023) (citing *Georgia-Pacific LLC v. American Intern. Specialty Lines Ins. Co.*, 278 F.R.D. 187, 191 (S.D. Ohio 2010). "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Georgia-Pacific*, 278 F.R.D. at 191 (citing *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 551-552 (6th Cir. 2008); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-565 (1986)).

As noted in the Affidavit of VCE's counsel, Thomas W. Shumate IV, counsel for VCE have expended approximately sixty-eight (68) hours in defense of this matter. Those hours are reasonable given the complexity of the case and the filings required. VCE also submits the Affidavit, attached as **Exhibit B**, of attorney Nathan B. Pride, an attorney in this community who confirmed that VCE's fees were reasonable and necessary. VCE further submits, and demonstrates through Exhibits A and B, that the billing rates of its attorneys and paralegals are reasonable within the legal community encompassing this Court.

## CONCLUSION

As shown by the arguments above, the Court has authority to grant VCE's Motion for Award of its Attorneys' Fees. The conduct of Plaintiff's counsel in wrongfully bringing VCE into

this action, refusing to dismiss it, and then misciting a statute to the Court to try to keep it from being dismissed, allows the Court to award fees as a sanction under Rule 11(c), under the Court's inherent authority to deter bad faith or vexatious conduct, and by statute. VCE therefore requests that the Court enter an Order awarding VCE the reasonable and necessary attorneys' fees it incurred in defense of this matter.

Respectfully submitted,



By: */s/ Thomas W. Shumate IV*
Thomas W. Shumate IV (#019595)
5141 Virginia Way, Suite 320
Brentwood, TN 37207
615-229-7499 (office)
615-229-7498 (fax)
www.meridian.law
tom.shumate@meridian.law
*Attorney for Defendant VCE, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Memorandum** has been filed using the Court's CM/ECF system on November 10, 2023, which will automatically send a copy of the filing to:

**Drayton Berkley** (#022601)  
The Berkley Law Firm  
1255 Lynnfield Road, Ste 226  
Memphis, TN 38119  
Ph.: 901-322-8706  
attorneyberkley@gmail.com  
*Attorney for Plaintiff*

**E. Jason Ferrell**  
Brewer, Krause, Brooks, Chastain & Meisner, PLLC  
545 Mainstream Drive, Suite 101  
Nashville, TN 37228  
Ph.: 615-256-8787, Ext. 116  
jferrell@bkblaw.com  
*Attorneys for Shelter Mutual Insurance Company and John Price*

    */s/ Thomas W. Shumate IV*  
    Thomas W. Shumate IV

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Memorandum** has been filed using the Court's CM/ECF system on November 10, 2023, which will automatically send a copy of the filing to:

**Drayton Berkley** (#022601)  
The Berkley Law Firm  
1255 Lynnfield Road, Ste 226  
Memphis, TN 38119  
Ph.: 901-322-8706  
attorneyberkley@gmail.com  
*Attorney for Plaintiff*

**E. Jason Ferrell**  
Brewer, Krause, Brooks, Chastain & Meisner, PLLC  
545 Mainstream Drive, Suite 101  
Nashville, TN 37228  
Ph.: 615-256-8787, Ext. 116  
jferrell@bkblaw.com  
*Attorneys for Shelter Mutual Insurance Company and John Price*

    */s/ Thomas W. Shumate IV*  
    Thomas W. Shumate IV