# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NANCY PLUNK, | ) |
| Plaintiff, | ) Case No.: 1:23-CV-01058-JDB-jay |
| v. | ) DISTRICT JUDGE BREEN |
| | ) MAGISTRATE JUDGE YORK |
| SHELTER MUTUAL INSURANCE COMPANY, JOHN PRICE, VCE, INC., and JASON PIRTLE, | ) JURY DEMAND |
| Defendants. | ) |

### ATTORNEYS' FEE AFFIDAVIT OF THOMAS W. SHUMATE IV, COUNSEL FOR DEFENDANT VCE, INC.

I, Thomas W. Shumate IV, being first duly sworn, upon my oath, state as follows:

1. I am over the age of eighteen (18) years of age, and I have personal knowledge of the facts set forth herein. I am an attorney licensed to practice in Tennessee (Board of Professional Responsibility #019595), and I am the founder and Managing Member of Meridian Law, PLLC ("Meridian Law"). Meridian Law, along with myself, represented Defendant VCE, Inc. ("VCE") in the above-captioned case. I am personally familiar with the issues and allegations in this proceeding. I have reviewed Meridian Law's business records as they relate to the services performed by my firm as counsel for VCE.

2. VCE retained Meridian Law as its counsel on April 7, 2023.

3. On April 17, 2023, Meridian Law entered its appearance on behalf of VCE.

4. The time entries at **Exhibit A-1** accurately reflect the relevant attorneys' fees and expenses incurred by VCE in defense of this matter.

1

5. The attached time entries were kept in the regular course of business. The attorneys at Meridian Law log their time contemporaneously with the performance of legal services. I have reviewed these entries, including the detailed explanation of charges and all services performed. The time entries were made at or near the time or reasonably soon after the time that the services were rendered by the attorney performing the described work. Meridian Law's fees in this case were customary, not contingent, and set forth in a written representation agreement executed by Defendant VCE. RPC 1.5(a)(8), (10).

6. Through my law practice, I am familiar with attorneys' fees customarily charged by attorneys across Tennessee for services similar to those performed in this case. The requested fees are in line with the fees customarily charged in the locality of West Tennessee for similar legal services. RPC 1.5(a)(3). The requested fees are reasonable and in line with the experience, reputation, and ability of the lawyers performing the services. RPC 1.5(a)(7).

7. I am a 1995 graduate of Vanderbilt University and a 1998 graduate of Notre Dame Law School. I have practiced law for 25 years having first been licensed to practice in Tennessee in 1998. I have represented clients in civil litigation, including insurance matters, across the state, as far west as Memphis and as far east as Greenville. I have been selected as Mid-South Super Lawyers Rising Star (2011, 2013) and Super Lawyer (2020-2023) and am included in the 2024 edition of The Best Lawyers in America®. My hourly rate of $475.00 compares favorably with the billing rates of other lawyers with my level of education and experience in West Tennessee and throughout the state.

8. In my experience, the reduced fee of $150.00 per hour charged by our firm's paralegals also compares favorably with the billing rates of other paralegals throughout Tennessee.

9. Based on my experience, the fees and expenses itemized on the attached **Exhibit A-1** are reasonable given the services rendered and were necessary to effectively represent VCE, particularly given the conduct of Plaintiff Nancy Plunk and her attorney. The requested fees are reasonable in light of the time and labor required, the novelty and difficulty of the questions involved—such as the Unlawful Insurance Act—and the skill requisite to perform the legal service properly. Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1). The requested fees are reasonable given that the acceptance of this employment precluded other employment during the hours that were billed. RPC 1.5(a)(2). The requested fees are reasonable given the significant amount of work involved and the favorable results obtained. RPC 1.5(a)(4). The requested fees are reasonable given the time limitations imposed by the circumstances and the deadlines in this case. RPC 1.5(a)(5). No facts concerning the nature and length of the professional relationship with the client or prior advertisements or statements by the lawyer regarding the fees the lawyer charges weigh one way or the other regarding the requested fees. RPC 1.5(a)(6), (9).

10. In summary, the fees sought hereunder are reasonable under the applicable criteria of Rule 1.5(a) of the Tennessee Rules of Professional Conduct and were necessary to the defense of VCE.

**FURTHER AFFIANT SAITH NOT.**

*signature*

**THOMAS W. SHUMATE IV**

**STATE OF TENNESSEE** }
}
**COUNTY OF** WILLIAMSON }

    Personally appeared before me, a Notary Public of said County and State, **Thomas W. Shumate IV**, with whom I am personally acquainted or proved to be on the basis of satisfactory evidence and who acknowledged that he executed the within instrument for the purposes therein contained. I attest under penalty of perjury that the information in this document is notarized by me, a Notary Public, and subscribed by the notary information listed below. Witness my hand and seal, subscribed and sworn before me this the 10 day of **November, 2023**.

*signature*

**NOTARY PUBLIC**

**My commission expires:** 2/14/27



4