IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NANCY PLUNK,

    Plaintiff,

v.                                                                                 No. 1:23-cv-01058-JDB-jay

SHELTER MUTUAL INSURANCE
COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is former Defendant VCE, Inc.'s Motion for Attorney Fees.[1] ECF No. 37. Plaintiff filed an untimely Response. ECF No. 40. VCE sought leave to file a Reply, which the Court granted; VCE has since filed the Reply brief. ECF Nos. 41, 42, 43. This matter has been referred to the undersigned for determination or report and recommendation as appropriate. ECF No. 38. For the reasons that follow, the undersigned RECOMMENDS GRANTING VCE's Motion for Attorney Fees in the amount of $22,937.50.

**I. THE PARTIES' POSITIONS**

VCE was sued by Plaintiff in the Circuit Court for Madison County, Tennessee on March 7, 2023. ECF No. 37 at ¶ 1. The litigation relates to property insurance coverage. ECF No. 23-1 at 2. After Defendant Shelter Mutual Insurance Company removed the litigation to this Court, VCE filed a Motion to Dismiss. ECF No. 23. That Motion argued, in part, that "relief cannot be granted because the statute in question does not apply to VCE, Inc. under the facts pled in the Complaint."

---

[1] VCE, Inc. was dismissed from this case on October 20, 2023. ECF No. 34.

1

ECF No. 23-1 at 8. The statute referred to by VCE in its Motion is Tenn. Code Ann. § 56-53-103.

In its Notice of Removal, Defendant Shelter Mutual argued that Plaintiff had fraudulently joined several Defendants "in attempts to circumnavigate jurisdiction" of the federal courts because Plaintiff could "have no colorable cause of action against Defendants, VCE, Inc. and Jason Pirtle under Tenn. Code Ann. § 56-53-103." ECF No. 1 at ¶ 6 (internal quotations omitted). This statute, and the interpretation of it, became a significant focal point in this case, and others, before the Court. *See Olympic Steakhouse v. Western World Ins. Grp.*, Case No. 1:23-cv-02191-JDB-jay (W.D. Tenn.); *Anderson Eye Care of West Tennessee v. Auto-Owners Ins. Co.*, Case No. 1:23-cv-01092-STA-jay (W.D. Tenn.); *Anderson v. State Automobile Mut. Ins. Co.*, Case No. 1:23-cv-01047-JDB-jay (W.D. Tenn.); and *Anderson v. Acuity, A Mut. Ins. Co.*, Case No. 1:23-cv-01046-JDB-jay (W.D. Tenn.). Ultimately, this Court determined that Tenn. Code Ann. § 56-53-103 does *not* apply to VCE, dismissed it as a Defendant in this case, and found that Attorney Berkley had misled the Court in his recitation of the relevant statute. ECF No. 34 at 5-7. As a result, the Court entered an Order Imposing Sanctions for Misleading the Court. ECF No. 39. The Court found that Attorney Berkley had "willfully violated Fed. R. Civ. P. 11(b)(2) and Tennessee Rule of Professional Conduct 3.3(a)(1)" by failing to "withdraw his misleading claims for months after learning that his statutory recitation was a misrepresentation of law." ECF No. 39 at 6-7.[2]

VCE argues it is entitled to the award of attorney fees because where "a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorneys' fees against the responsible party.'" ECF No. 37-2 at 3 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). It provides two other grounds for the award of attorney fees: Federal

---

[2] As its chosen sanction pursuant to Federal Rule of Civil Procedure 11(c)(4), the Court reported Attorney Berkley to the Tennessee Board of Professional Responsibility. ECF No. 39 at 7.

Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927. ECF No. 37-2 at 3. The majority of VCE's argument rests on the following sentence: "But for the conduct of Plaintiff's counsel in repeatedly and intentionally ignoring the plain language of Tenn. Code Ann. § 56-53-103, VCE would not have been sued for a baseless claim under an inapplicable statute and forced to defend the claims against it in both state and federal court." ECF No. 37-2 at 4. The sum of fees sought by VCE is $23,102.50, which encompasses 68 hours of time expended on behalf of defense counsel and their paralegals. ECF No. 37-4 at 8. VCE argues that this amount should be awarded as the hours and the rates billed are both reasonable. ECF No. 37-2 at 5.

Plaintiff opposes the Motion by first arguing that "no fees are due to VCE" because Plaintiff was not aware that the statutory language cited was misleading until proceedings before Judge Anderson and Judge Breen in August and September 2023 put counsel on notice of the issue. ECF No. 40 at ¶¶ 3-4. The undersigned reads this assertion to mean that because Plaintiff's counsel was ignorant of the improper quotation when he made it, attorney fees should not be awarded. Plaintiff's second argument is that the "Magistrate lacks subject matter jurisdiction to determine sanctions or fees." ECF No. 40 at ¶ 5.[3] Finally, Plaintiff argues that should fees be awarded, the hours should be reduced from 68 to "12 hours at a blended hourly rate . . . ." ECF No. 40 at ¶ 7. This reduction is based on Plaintiff's argument that VCE may only recover fees for those hours spent pursuing its Motion to Dismiss. ECF No. 40 at ¶ 7. Attorney Berkley notes that should any fees be awarded, they "should apply only to the undersigned." ECF No. 40 at ¶ 6.

VCE's Reply brief notes that it has "no objection to any award of attorneys' fees being

---

[3] VCE counters that the Magistrate Judge *does* have jurisdiction to hear the issue of fees as a sanction. ECF No. 43 at 4. However, because the undersigned is issuing a Report and Recommendation that must ultimately be reviewed, and adopted, overruled, or modified, by the District Court, this argument is inapplicable. As such, the Court will not address it.

against Mr. [Berkley] and his firm, jointly and severally." ECF No. 43 at 3. However, as to the issue of whether Attorney Berkley's ignorance regarding the quoted statutory language warrants denying the Motion for Attorney Fees, VCE argues:

> Plaintiff fails to explain why it filed the claims in the first place based on the express language of the statute, why it intentionally misrepresented the language of the statute by omitting key language making it apparent it does not apply to claims against insurers, and why Plaintiff failed to withdraw those claims at any point after this Court and others rejected similar claims. . . . Given that the Court has referred Plaintiff's counsel to the Board of Professional Responsibility based on this conduct, VCE will not belabor those arguments here.

ECF No. 43 at 4.

Moreover, VCE contends that the hours requested should not be reduced to only those hours spent in pursuit of the Motion to Dismiss and its associated Reply. ECF No. 43 at 5. This, according to VCE, is because "[t]he Court has discretion to award VCE its attorney's fees because Plaintiff acted in bad faith and vexatiously." ECF No. 43 at 5. Thus, VCE should be able to recover fees associated with the entirety of its litigation in this case. ECF No. 43 at 5-6. Finally, VCE reiterates that the hours accrued and the rates charged are reasonable. ECF No. 43 at 6-8.

## II. LEGAL STANDARD

VCE argues there are three routes by which it may be awarded attorney fees: the Court's inherent power to sanction, Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927. In *Chambers v. NASCO, Inc.*, the Supreme Court upheld the award of attorney fees that "represented the entire amount of . . . litigation costs" incurred by the moving party. 501 U.S. 32, 40 (1991). The District Court in the underlying litigation awarded the monetary sanction pursuant to an "inherent power" of the court that "is particularly appropriate when the offending parties have practiced a fraud upon the court." *Chambers*, 501 U.S. at 42 (internal quotations omitted). The District Court in that case declined to award attorney fees pursuant to Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927

4

because neither provision was broad enough to encompass the fees associated with the bad conduct on the part of the non-moving party. *Id.* at 41. Rule 11 would not allow the court to award fees associated with "acts of fraud . . . performed outside the confines of [the] Court," or "tactics of delay, oppression, harassment and massive expense . . . ." *Id*. Moreover, 28 U.S.C. § 1927 would not allow the court to award fees associated with conduct not attributable to an attorney. *Id*. at 41-42. The Court of Appeals and Supreme Court upheld such reasoning. *Id*. at 42, 50-21. Specifically, the Supreme Court upheld the inherent power of the court to issue such sanctions, stating that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46 (internal quotations omitted).

Federal Rule of Civil Procedure 11(c) allows for the award of attorney fees where "the court determines that Rule 11(b) has been violated . . . ." FED. R. CIV. P. 11(c)(1). For its part, Rule 11(b) requires that parties certify "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law . . . ." FED. R. CIV. P. 11(b)(2). Next, pursuant to 28 U.S.C. § 1927:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Attorney's fees are generally calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). This is referred to as the "lodestar" amount. *Riverside v. Rivera*, 477 U.S. 561, 568 (1986). This is the "initial estimate of the value of the lawyer's services." *Hensley*, 461 U.S.

at 433.

The "reasonable hourly rate" is the "prevailing market rate in the relevant community." *Echols*, 857 Fed. Appx. at 226 (quoting *Riverside*, 477 U.S. at 568). Importantly, courts should not include in this lodestar amount "hours that were not reasonably expended" or that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 (internal quotations omitted). Those fees that would not be billed to one's client will not be "billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The party moving for the award of fees "bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

### III. ANALYSIS

The Court notes first that these fees should be awarded pursuant to the Court's inherent power to sanction a party for bad faith vexatious conduct, as well as the authority found in 28 U.S.C. § 1927. The Court finds that, like *Chambers*, Rule 11 would limit the award of sanctions related to Plaintiff's representations before the Court. Yet Plaintiff's vexatious conduct is not limited to pleadings or filings. Such conduct began at the inception of this case when Plaintiff chose to fraudulently join non-diverse parties—parties for which there was no colorable claim—in order to defeat diversity jurisdiction. ECF No. 34 at 7.

However, 28 U.S.C. § 1927 and the Court's inherent authority to issue sanctions are broad enough to cover the gambit of Plaintiff's bad faith conduct. The Court need not dwell on the illustrative points, but for the sake of supporting its recommendation to award the fees sought, it will note the following: Plaintiff was found to have fraudulently joined VCE (and others) in this litigation (and other litigation), Plaintiff was found to have made material misrepresentations to

this Court, Plaintiff was put on notice of such misrepresentations in other similar cases and yet "willfully failed to withdraw [the] misleading claims for months . . . ." ECF No. 34 at 7, 8; ECF No. 39 at 5-6.

The remaining inquiry is whether the hours and rates requested by VCE are reasonable. The Court recommends a finding that they are. First, regarding the rate charged by VCE's counsel, the Court agrees with the Affidavit of Nathan Pride stating that the "hourly rates charged by VCE, Inc.'s counsel are within the range of prevailing rates for similar services in the legal community, including the Western District" of Tennessee. ECF No. 37-5 at ¶ 5.

The Court has reviewed the hours log submitted by VCE's counsel. ECF No. 37-4. There are three entries that the undersigned recommends removing from the award of fees that would reduce the overall award by $165.[4] This recommendation is based on the limitation that "clerical work" is "nonrecoverable" in such an award. *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005); *Babcock Power, Inc. v. Kapsalis*, No. 3:13-cv-717-CRS-CHL, 2018 U.S. Dist. LEXIS 69697, at *10-11 (W.D. Ky. Apr. 24, 2018). The Court, in reviewing those three entries, finds them to be clerical in nature and therefore non-compensable. Applying this reduction, the total drops from $23,102.50 to $22,937.50.

The Court finds none of Attorney Berkley's arguments opposing this Motion availing. First, his recitation of the chronology of when he was put on notice that his representations to the Court were misleading has already been rejected by the Court. ECF No. 39 at 5 ("Attorney Berkley

---

[4] The first entry is dated April 12, 2023, and shows 0.3 hours logged for "[o]rganiz[ing] information and file materials for attorney review and reference in litigation" at a rate of $150 per hour. ECF No. 37-4 at 1. The second entry is dated April 18, 2023, and shows 0.4 hours logged for "[o]btain[ing] and organiz[ing] Western District of Tennessee filings in preparation for attorney review" at the same rate. ECF No. 37-4 at 2. The third entry is dated May 26, 2023, and shows 0.4 hours logged for "[o]rganiz[ing] and prepar[ing] all pleadings for attorney review" at the same rate. The sum of the recommended reduction is 1.1 hours, at a rate of $150, which would yield $165 total.

7

now concedes that the statute does not apply to insurers but this mea culpa is too little too late."). It is equally unavailing here.

Next, the notion that the only fees recoverable should be those associated with VCE's Motion to Dismiss would be insufficient to address the fact that VCE was fraudulently joined at the *outset* of this litigation. This is not a case in which upon removal to this Court VCE was able to quickly obtain a dismissal.[5] Instead, VCE had to participate in six months of litigation regarding Attorney Berkley's misleading quotation of a state statute before it could be properly dismissed. While the Court is aware that there have been other sanctions imposed upon Mr. Berkley for his conduct, those do not address the financial burden incurred by VCE in defending against this action.

Finally, Attorney Berkley argues that any fees awarded should be levied against him and not his client. VCE does not oppose such an outcome. ECF No. 43 at 3. The undersigned agrees with VCE's observation that it "has no knowledge as to whether Plaintiff consented to her counsel's fraudulent conduct . . . ." ECF No. 43 at 3. The Court, similarly, is without any facts to support a showing that the Plaintiff consented to the fraudulent joinder of non-diverse parties, or whether she was in any way aware that the joinder of these parties was based on a

---

[5] Mr. Berkley also argues that a reduction of time is warranted because VCE's counsel "already had the benefit of Shelters [sic] Motion to Dismiss and Pirtle's Motion to Dismiss." ECF No. 40 at ¶ 7. The Court disagrees with this factual assertion and the implied argument. First, by the time VCE filed its Motion to Dismiss on May 19, 2023, Mr. Price was the only other party to have filed a Motion to Dismiss. ECF Nos. 16, 23. The Court then sua sponte dismissed Mr. Pirtle. ECF No. 35. In its review of the docket, Defendant Shelter has yet to file a Motion to Dismiss; it has, at most, raised the issue in its Answer as an affirmative defense that the "Complaint fails to state a claim upon which relief can be granted . . . ." ECF No. 15 at 5, ¶ 1. Therefore, factually, Plaintiff is incorrect that VCE had the benefit of two Motions to Dismiss; moreover, the *one* Motion to Dismiss filed before VCE came from neither Defendant Shelter nor Mr. Pirtle. Regardless of any co-Defendant's Motion to Dismiss, the Court simply will not accept the inference Plaintiff makes here as justification to reduce the number of hours awarded to VCE. Counsel for VCE had its own independent duty to research, strategize, write, and litigate on behalf of their client. As the Ninth Circuit once noted, it is up to an attorney's "professional judgment as to how much time" each case may require. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Because "after all, [the prevailing attorney] won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112.

misrepresentation of state law. As such, the Court agrees that all fees should be awarded against Attorney Berkley. 28 U.S.C. § 1927.

### IV. CONCLUSION

Based on the foregoing analysis, the undersigned RECOMMENDS GRANTING VCE's Motion for Attorney Fees. The undersigned further RECOMMENDS awarding fees in the amount of $22,937.50 as a sanction pursuant to 28 U.S.C. § 1927 and the Court's inherent authority against Attorney Berkley.

RESPECTFULLY SUBMITTED this the 18th day of December, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**