IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NANCY PLUNK,

    Plaintiff,

v.                                        Case No. 1:23-cv-01058-JDB-jay

SHELTER MUTUAL INSURANCE CO., *et al.*,

    Defendants.

ORDER OVERRULING PLAINTIFF'S OBJECTION TO REPORT AND
RECOMMENDATION,
ADOPTING REPORT AND RECOMMENDATION,
AND
GRANTING MOTION FOR ATTORNEYS' FEES

Before the Court is the objection of the Plaintiff, Nancy Plunk, (Docket Entry ("D.E.") 45) to the recommendation of the magistrate judge that attorneys' fees in the amount of $22,937.50 be awarded to Defendant VCE, Inc. ("VCE") as a sanction against Plaintiff's counsel, Drayton Berkley (D.E. 44).[1] For the reasons set forth below, the objection is OVERRULED, the magistrate judge's report and recommendation is ADOPTED, and VCE's motion for attorneys' fees is GRANTED in the amount of $22,937.50.

Rule 72 of the Federal Rules of Civil Procedure instructs a district judge to determine de novo any part of a report and recommendation issued by the magistrate judge "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* LR 72.1(g)(2). Only specific written objections to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for purposes of Rule 72. *Tulis v. Orange*, ___ F. Supp. 3d ___, 2023 WL 5012106, at *2

---

[1] The motion was before the magistrate judge pursuant to an order of reference. (*See* D.E. 38.)

(M.D. Tenn. Aug. 7, 2023), *appeal filed* (No. 23-5804) (6th Cir. Sept. 8, 2023). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

In conducting a de novo review, the district judge is to "give fresh consideration to the finding objected to insofar as the objection impugns the integrity of the finding." *Fharmacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) (per curiam). The court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* LR 72.1(g)(2). With respect to matters to which there has been no objection, the district court need not engage in a review under a de novo or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Where there is no objection, the report and recommendation should be adopted by the district court. *Id.* at 151; *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).

Plaintiff's sole specific objection to the report and recommendation reads as follows:

> Plaintiff writes to correct the misnomer that VCE had the benefit of Shelter's Motion to Dismiss. VCE had the benefit of Price's Motion to Dismiss on and after April 20, 2023. VCE's motion was not filed until May 19, 2023. The Court's rejection of this reality is a mistake of law and fact as all fees must be reasonable.

(D.E. 45 at PageID 362 (internal record citations omitted).)

To view this objection in context, it is helpful for the Court to recount the rather tortured history of representations made by Mr. Berkley across this and other recent cases in this division. This matter was initiated on March 7, 2023, in the Circuit Court of Madison County, Tennessee, by Plunk against Shelter Mutual Insurance Co. ("Shelter"), John Price, VCE, and Jason Pirtle, alleging, among other things, violation of Tennessee Code Annotated § 56-53-103(a)(1). (D.E. 1-2.) Plaintiff, Price, VCE, and Pirtle were citizens of Tennessee, while Shelter's principal place of

business was in Missouri.  A notice of removal to this Court was filed April 13, 2023, on diversity grounds and averred that the non-diverse Defendants had been fraudulently joined in an attempt to circumnavigate jurisdiction of this Court.  (D.E. 1.)

On May 19, 2023, VCE, a forensic engineering firm that purportedly prepared a report for Shelter addressing claimed structural losses to the insured property at issue, filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), in which it argued that § 56-53-103 had no application to it.  (D.E. 23.)  In an order entered October 20, 2023, the Court determined that Attorney Berkley's recitation of § 56-53-103 in his responsive brief omitted key language clearly showing the statute applied only to an insured, which VCE was undisputedly not.  (D.E. 34.)  It was not the only time counsel has offered the same altered version of the statute in suits filed in this district.

In one such case, *Anderson Eye Care of West Tennessee v. Auto-Owners Insurance Co.*, Case No. 1:23-cv-01092-STA-jay (W.D. Tenn.), Attorney Berkley became subject to a show cause order issued by District Judge S. Thomas Anderson on August 10, 2023, relating to his presentation of the same truncated recitation of § 56-53-103 in an apparent attempt to mislead the Court. (*Anderson Eye Care of W. Tennessee v. Auto-Owners Ins. Co.*, Case No. 1:23-cv-01092-STA-jay, D.E. 17.)  Following a hearing on the show cause order, during which Berkley "conceded that § 56-53-103(a)(1) does not create a cause of action against insurers or their agents; instead, it expressly applies to insureds and insured's agents or their authorized representatives" (*id.*, D.E. 24 at PageID 364), Judge Anderson found:

> In this case, Attorney Berkley, on behalf of [p]laintiff, clearly made a misrepresentation to the Court as to the language of the statute and that misrepresentation was material to the issue before the Court . . .. Attorney Berkley made no effort to correct his alteration of the statute, even when [d]efendant brought it to his attention and labeled it as a "misrepresentation."

*Anderson Eye Care of W. Tennessee v. Auto-Owners Ins. Co.*, Case No. 1:23-cv-01092-STA-jay, 2023 WL 6612519, at *3 (W.D. Tenn. Oct. 10, 2023). Judge Anderson held that counsel had failed to "show[] cause for his actions in omitting certain words of the statute to support his client's position," characterizing those actions as "extremely concerning" and "strongly caution[ing]" him against making further misrepresentations. *Id.* In light of Attorney Berkley's oral admission to Judge Anderson that the statute applied only to insureds, this Court granted VCE's motion to dismiss Plunk's § 56-53-103(a)(1) claim in this matter. (*See* D.E. 34.)

In another case, before the undersigned, *Olympic Steakhouse v. Western World Insurance Group*, Case No. 1:23-cv-02191-JDB-jay (W.D. Tenn.), defendant Western World Insurance Group, on May 24, 2023, moved for Rule 12(b)(6) dismissal of the plaintiff's § 56-53-103(a)(1) allegation on the grounds that the statute applied to an insured, not an insurer. (*See Olympic Steakhouse v. W. World Ins. Grp.*, Case No. 1:23-cv-02191-JDB-jay (W.D. Tenn.), D.E. 15.) Attorney Berkley, in his responsive brief filed September 11, 2023, offered in defense of his statutory claim the same misleading recitation. (*See id.*, D.E. 25.) In an order granting dismissal of the § 56-53-103(a)(1) claim dated September 19, 2023, the Court noted counsel's "repeated, blatant modification" of the statute and directed Berkley and his client to show cause why sanctions should not be imposed for misleading the Court. (*Id.*, D.E. 29.) On October 20, 2023, the Court, finding that Berkley's continued use of the flawed statutory recitation even in the wake of Judge Anderson's August 10, 2023, show cause order constituted knowing and willful misconduct, referred counsel to the Tennessee Board of Professional Responsibility's ("BPR") Disciplinary Counsel. (*Id.*, D.E. 33.)

As it did in *Olympic Steakhouse*, the Court included in its October 20, 2023, order a directive that Attorney Berkley and his client show cause why they should not be sanctioned for

4

misleading the Court.  (D.E. 34.)  After considering Berkley's response, the Court again referred him to the BPR for possible disciplinary proceedings.  (D.E. 39.)

Which brings the Court back to Plunk's objection to the report and recommendation.  VCE asserted in its motion for attorneys' fees that it "ha[d] been forced to participate in this lawsuit, both in state and federal court, due to Plaintiff's baseless claim under . . . § 56-53-103 and fraudulent joinder," positing that, in making such a claim, Plunk and her counsel had "acted in bad faith or vexatiously."  (D.E. 37 at PageID 300.)  Therefore, VCE argued, it was entitled to recover fees relating to the entirety of the litigation in this matter.  In response, Plaintiff insisted that any fee award should be limited to time expended in responding to challenges to her § 56-53-103(a)(1) claim, because "VCE already had the benefit of Shelter[']s Motion to Dismiss and Pirtle's Motion to Dismiss."  (D.E. 40 at PageID 336.)  The magistrate judge sided with VCE, finding that Attorney Berkley's "vexatious conduct is not limited to pleadings or filings" but "began at the inception of this case when Plaintiff chose to fraudulently join non-diverse parties--parties for which there was no colorable claim--in order to defeat diversity jurisdiction," a practice repeated by Berkley in other cases involving other litigants.  (D.E. 44 at PageID 358.)  In a footnote, the magistrate judge rejected Plaintiff's factual assertion that VCE already had the benefit of Shelter's and Pirtle's motions to dismiss, as, according to the docket, neither of those Defendants *ever* filed a motion to dismiss, much less at a time prior to VCE's Rule 12(b)(6) motion in May 2023.[2]  (*See id.* at 360 n.5.)  In his objection, Attorney Berkley appears to correct himself, pointing out that VCE had the benefit of *Price's* April 20, 2023, motion to dismiss the § 56-53-103(a)(1) claim.  The correct identity of any party that moved for Rule 12(b)(6) relief prior to the filing of VCE's motion to dismiss notwithstanding, the magistrate judge, in the same footnote, refused to accept Plaintiff's

---

[2]This footnote appears to be the primary focus of the objection.

5

apparent inference that VCE should be penalized for not moving for dismissal sooner, noting that VCE's counsel had their own independent duty to conduct research and litigate on behalf of their client. The report and recommendation's text further observed:

> [T]he notion that the only fees recoverable should be those associated with VCE's Motion to Dismiss would be insufficient to address the fact that VCE was fraudulently joined at the *outset* of this litigation. This is not a case in which upon removal to this Court VCE was able to quickly obtain a dismissal. Instead, VCE had to participate in six months of litigation regarding Attorney Berkley's misleading quotation of a state statute before it could be properly dismissed.

(D.E. 44 (internal footnote omitted).)

The Court understands Attorney Berkley's argument on the referred motion and on objection to be, essentially, that because VCE failed to file a motion to dismiss immediately after another Defendant filed a similar motion, counsel is absolved of any responsibility for having asserted a completely baseless claim for the purpose of avoiding diversity jurisdiction in the first place. In support of his position that an award of attorneys' fees under the circumstances present here, and as recommended by the magistrate judge, is unreasonable and a "rejection of . . . reality" in light of the timing of VCE's motion to dismiss, Attorney Berkley cites in his objection to page 3 of an order entered September 29, 2021, by District Judge Samuel H. Mays, Jr., in *Benoist v. Titan Medical Manufacturing, LLC*, Case No. 2:19-cv-02704-SHM-tmp (W.D. Tenn.). A review of the cited page, however, reveals little more than a general statement of the standard of review on motions for attorneys' fees, i.e., that such awards are to be reasonable. (*See Benoist v. Titan Med. Mfg., LLC*, Case No. 2:19-cv-02704-SHM-tmp (W.D. Tenn.), D.E. 123 at PageID 2874.) Nor did the order address a situation similar to that before this Court.

Upon de novo review, the Court finds that the magistrate judge's factual and legal conclusions on the matter specifically objected to were correct. Attorneys' fees in the amount of $22,937.50 are hereby assessed against Attorney Berkley.

IT IS SO ORDERED this 12th day of February 2024.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE